UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JEFFREY CHRETIEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16-cv-00549-JAW |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

The United States Magistrate Judge filed with the Court on October 15, 2017 his Recommended Decision. *Report and Recommended Decision* (ECF No. 23). The Plaintiff filed his objections to the Recommended Decision on October 30, 2017 (ECF No. 24). I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; I have made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, and determine that no further proceeding is necessary.[1] The plaintiff's objections largely reiterate the arguments the Magistrate Judge addressed and rejected, but I offer the following additional discussion to supplement his analysis.

---

[1] Having reviewed the memoranda, the Court concludes that an oral argument is not necessary. Accordingly, the Court denies Mr. Chretien's motion for an oral argument (ECF No. 25).

Regarding the requirements of 42 U.S.C. § 421(h), the plain text of the statute and the weight of authority indicate that an ALJ under subsection (d), unlike the determinations of other actors under other subsections, need not always order an expert psychological assessment if the evidence is sufficient for the ALJ to make a disability determination. *See Plummer v. Apfel*, 186 F.3d 422, 433 (3d Cir. 1999) ("Because 42 U.S.C. § 421(d) . . . is excluded from § 421(h)'s purview, an ALJ is not required to employ the assistance of a qualified psychiatrist or psychologist in making an initial determination of mental impairment"); *Sneed v. Barnhart*, 214 F. App'x 883, 886 (11th Cir. 2006) (casting doubt on earlier decisions requiring ALJ's to seek psychiatric consultations, in light of the Third Circuit's analysis in *Plummer*) (unpublished); *Struthers v. Comm'r of Soc. Sec.*, 181 F.3d 104 (6th Cir. 1999); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1050 (10th Cir. 1993) (noting that ALJ has no absolute duty to seek expert psychological assessment and instead reviewing for abuse of discretion).

Other district court cases that remanded the matter to the ALJ out of an abundance of caution on their unique facts do not require a contrary result on these facts. *See e.g. Brown v. Soc. Sec. Admin. Comm'r*, No. 1:10-CV-00166-JAW, 2011 WL 1326862, at *4 (D. Me. Apr. 5, 2011), report and recommendation adopted sub nom. *Brown v. Soc. Sec. Admin. Com'r*, No. 1:10-CV-00166-JAW, 2011 WL 1557917 (D. Me. Apr. 25, 2011) (declining to construe §421(h) in favor of ALJ discretion "in this particular case" but noting that "the Commissioner did not actually mount an argument addressed to § 421(h)").

Regarding the ALJ's alleged "substitut[ion of] his own views for uncontroverted medical opinion," it is true that the ALJ is "not qualified to interpret raw medical data in functional terms." *See Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). "Of course, where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment." *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 17 (1st Cir. 1996). Although the line between commonsense judgment and medical conclusion is not always sharp, the ALJ's conclusion in this case was the former. The ALJ gave plentiful reasons for discounting Dr. Newcomb's opinion that Mr. Chretien's severe level of impairment extended back to 2011. There was no corroborating evidence in the record to support this asserted 2011 onset date for severe impairment. The ALJ correctly observed that virtually every indication in the record before 2014 contained estimations by his medical providers and himself that were inconsistent with severe depression. "[F]rom a commonsense point of view, there is sufficient evidence in the record to provide support for the ALJ's determination that" Mr. Chretien's depression was non-severe for disability purposes prior to December 2013. *See Stephens v. Barnhart*, 50 F. App'x 7, 10-11 (1st Cir. 2002) (unpublished).

Accordingly, the ALJ did not err by discounting Dr. Newcomb's conclusion about the start date of Mr. Chretien's more severe impairment, and the ALJ did not abuse his discretion in declining to seek an independent psychological review and making his own commonsense determination of non-severity.

1. It is therefore ORDERED that the Recommended Decision of the Magistrate Judge is hereby AFFIRMED.

2. It is further ORDERED that the Commissioner's final decision be and hereby is AFFIRMED.

SO ORDERED.

      /s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 20th day of March, 2018